Richard S. Heller, J.
This is a claim for false imprisonment based upon the arrest of the claimant on June 14, 1957 by a member of the Long Island State Park Commission Police.
On the morning of June 14, 1957, at about 12:30 a.m., the claimant drove up to the Meadowbrook State Parkway Toll *1096 Plaza of the Jones Beach State Parkway and offered the collector a toll passbook which was minus the cover. This passbook had been issued to claimant at a special rate and had a cover that identified the holder. Claimant knew that if the’ cover was missing the employees of the commission had the right to take the book for the purpose of establishing the validity of the book.
It was impossible for the toll collector to immediately verify the ownership. He asked claimant to move his car over to the side so that other cars could enter the parkway. Claimant refused to move his car. A call was placed for a member of the Long Island State Park Commission Police who arrived shortly thereafter. The policeman asked the claimant to move the car and the claimant refused. A summons was issued for violation of ordinance number six, section 1 of the Long Island State Park Ordinances.
The above ordinances were adopted by the Long Island State Park Commission pursuant to section 775 of the Conservation Law of the State of New York. Violation of the ordinances would constitute a misdemeanor or a traffic infraction.
Ordinance number six, section 1 provides as follows: “ Section 1, Traffic Control. The Park Patrolmen as defined in Ordinance 1 (e) shall have charge and control over all traffic on the park drives and parkways, and all persons shall at all times heed and comply with directions of said Park Patrolmen indicated by gesture or otherwise in using said park drives or parkways, and shall further comply with directions on traffic signs along the route of the parkways or the drives or parking fields in the parks. The directions on such traffic signs may be disregarded only on order of a park patrolman. In parking spaces all persons shall comply with the directions of the parking attendants.”
At a term of the District Court of the County of Nassau on the 15th day of August, 1957, the claimant was tried and the case was dismissed.
The court finds that the arresting officer had the authority, the duty and the right to issue the summons and impound the car. The court further finds that the claimant had knowledge that it was necessary to verify the ownership of the toll passbook and that his actions in the matter were arbitrary and unreasonable.
The motion made by the Attorney-General at the close of the case for dismissal of the claim is granted and the. claim is dismissed.